ORDERED in the Southern District of Florida on FEBRUARY 21, 2007.



A. Jay Cristol, Chief Judge Emeritus
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
(MIAMI DIVISION)

In re:                                        CASE NO. 04-40306-BKC-AJC
                                              CHAPTER 7
GERARD ZWIRN,

   Debtor.
                          /

**MEMORANDUM DECISION AND ORDER DETERMINING THAT FRAUDULENT TRANSFER CLAIM BEING PROSECUTED BY CREDITOR FRANKLIN DAY IN NEW YORK STATE COURT IS PROPERTY OF THE BANKRUPTCY ESTATE**

THIS MATTER came before the Court on January 18, 2007 at 2:00 p.m. on a status conference regarding the Motion of Chapter 7 Trustee Joel L. Tabas (the "Trustee") to Approve Settlement Stipulation and Mutual General Release with Joseph Passarelli, Danjo Automotive

Corp. and Bronx Volkswagen Corp.[1] pursuant to Fed. R. Bankr. P. 9019 [CP # 121] (the "9019 Motion") and the Response by Creditor Franklin Day ("Day") in Opposition to the 9019 Motion [CP # 131] (the "Objection"). After hearing argument of counsel, the Court determined that a threshold issue for determination by the Court is whether a fraudulent transfer claim filed in 2001 and currently being prosecuted in New York by creditor Day against the Danjo Defendants (the "Danjo Claim") is property of the bankruptcy estate. For the reasons discussed herein, the Court concludes that the Danjo Claim is property of the estate and that only the Trustee has standing to prosecute or settle such claim. Accordingly, because there is no material dispute about the facts at issue, the Court issues this memorandum decision and order.

### A. Findings of Facts[2]

1. On November 2, 2004 (the "Petition Date"), the Debtor, Gerard Zwirn (the "Debtor"), filed a voluntary petition under Chapter 7 of the Bankruptcy Code. [Main Case CP # 1] (Debtor's bankruptcy petition)

2. On May 7, 2001, Day obtained a $131,012.74 judgment against the Debtor. [Main Case CP # 105] (final judgment in favor of Day).

3. On or about December 31, 2001, Day commenced a fraudulent transfer action – the Danjo Claim – against the Danjo Defendants in New York state court, which action remains pending in New York. [Main Case CP #105] (Verified Complaint of Day against Danjo

---

[1] Joseph Passarelli, Danjo Automotive Corp. and Bronx Volkswagen Corp. shall collectively be referred to herein as the "Danjo Defendants."

[2] The Court takes judicial notice of each of the court papers numbers referenced herein. following documents supporting the facts referenced herein: (i) Main Case CP # 1 (Chapter 7 petition); and (ii) Main Case CP # 105 (Response of Creditor Franklin Day regarding Opposition to Motion to Approve Stipulation for Relief from the Automatic Stay Nunc Pro Tunc to November 2, 2004).

Defendants).

4. Day never filed a motion for relief from the automatic stay with this Court to prosecute the Danjo Claim, nor did he ever seek authority from the Court to prosecute such claim on behalf of the bankruptcy estate.

5. On August 4, 2006, the Trustee filed a Motion to Approve Stipulation for Relief from the Automatic Stay *Nunc Pro Tunc* to November 2, 2004 with Day (the "Stipulation"), which Stipulation has not been approved by the Court. The Stipulation, if approved, would permit Day to prosecute the Danjo Claim (*See* Stipulation at ¶ 4), but required that any recoveries be held by Day's attorney pending further order of the Court (*See* Stipulation at ¶ 7), thereby preserving the estate's right, title and interest in such funds. The Stipulation also expressly reserved the right of the Trustee to directly sue the Danjo Defendants on behalf of the estate. *See* Stipulation at ¶ 5.

6. On November 3, 2006, the Trustee filed the 9019 Motion which, if approved, would render the stay relief Stipulation with Day moot since it settled the estate's fraudulent transfer claims against the Danjo Defendants, including the Danjo Claim being prosecuted by Day in New York, which the Trustee asserts is property of the estate. The 9019 Motion includes a request for the entry of a bar order that if the settlement with the Danjo Defendants were approved it would enjoin and bar Day from further prosecuting the Danjo Claim in New York.

7. On November 16, 2006, Day filed the Objection to the 9019 Motion which asserts that the Trustee cannot prosecute the Danjo Claim he is pursuing in New York because the applicable statute of limitations has expired as to the Trustee.

8. The Trustee and the Danjo Defendants have entered into tolling agreements with

3

the Trustee that currently expire February 22, 2007, and which preserve, among other claims, the filing of fraudulent transfer and other avoidance claims by the Trustee against the Danjjo Defendants. [Main Case CP # 117 & 167]

## B. Conclusions of Law

The issue in this case is whether the Danjo Claim is property of the estate, which has been analyzed and litigated by various courts in the context of a creditor seeking relief from the automatic stay to prosecute fraudulent transfer and other avoidance claims. In this regard, a substantial body of case law stands for the proposition that commencement of bankruptcy stays any state court fraudulent conveyance actions involving a debtor or his transferees, which supports the conclusion that these claims are indeed property of the estate. *Matter of Fletcher,* 176 B.R. 445, 452 (Bankr. W.D. Mich.1995). The case law reaches this conclusion by two different paths. One line of cases holds that fraudulently transferred property constitutes property of the debtor's estate, pursuant to § 541(a)(1), because the debtor retains an equitable interest in such property. *Id.* Consequently, those cases state that § 362(a)(3) of the Bankruptcy Code stays any act by a creditor "to obtain possession of property of the estate." *See, e.g., American Nat'l Bank v. MortgageAmerica Corp. ( In re MortgageAmerica Corp.),* 714 F.2d 1266 (5th Cir.1983); *accord Famous Supply Co. v. Central Heating & Air Conditioning, Inc. (In re Central Heating & Air Conditioning, Inc.),* 64 B.R. 733 (N.D. Ohio 1986).

A second line of cases holds that any property that the trustee recovers, pursuant to § 550 of the Bankruptcy Code, becomes property of a debtor's estate under § 541(a)(3); until the trustee recovers the property, however, it does not constitute property of the debtor's estate. *See e.g., In re Colonial Realty Co.,* 980 F.2d 125, 130-31 (2d Cir. 1992) (holding that a fraudulently

conveyed asset does not become property of the estate until it is recovered by the trustee); *In re Saunders*, 101 B.R. 303 (Bankr. N.D. Fla.1989) (same). Nonetheless, these courts hold that any state court lawsuit to recover a fraudulent conveyance **violates the automatic stay under § 362(a)(1) as an action "to recover a claim against the debtor."** See, *In re Saunders*, 101 B.R. 303 (Bankr. N.D. Fla.1989) (emphasis added); *accord FDIC v. Hirsch (In re Colonial Realty Co.)*, 980 F.2d 125 (2d Cir.1992). However, regardless of the difference in rationale for their conclusions, *all* courts appear to agree that commencing a bankruptcy case stays any state court fraudulent conveyance actions by a creditor (*Matter of Fletcher*, 176 B.R. 445 at 452 (Bankr. W.D. Mich.1995)), thereby ensuring that the estate's interests in the fraudulent transfer claim are properly protected to ensure that the estate and its creditors may receive the benefits.

While, as stated above, there is a divergence of opinion as to when fraudulent transfer claims are property of the estate – as of the petition date or after the Trustee recovers and avoids the transfer – the Court concludes that the better, well-reasoned approach is to conclude that such claims are property of the estate as of the petition date, and that they are solely within the power of a bankruptcy trustee to commence and prosecute under the facts of this case. Pursuant to 11 U.S.C. § 541 and its broad definition of property of the estate, fraudulent conveyance claims are property of the estate that with rare exception may *only* be prosecuted by the trustee. *See In re Fritz*, 88 B.R. 434 (Bankr. S.D. Fla. 1988 (creditor lacks standing to assert avoidance claim because this claim "is available only to the bankruptcy trustee, not to a creditor."); *In re Primack*, 81 B.R. 711 (Bankr. S.D. Fla.1987) (denying creditor leave to amend complaint to add fraudulent transfer claim due to lack of standing) *In re Ross*, 1997 WL 92044, at *2 (Bankr. M.D. Fla.1997) (denying judgment creditor relief from automatic stay to pursue state court fraudulent conveyance

action "because it lacks standing and such a right is vested in the Trustee."); *NBD Bank, N.A. v. Fletcher (In re Fletcher)*, 176 B.R. 445, 452-54 (Bankr. W.D. Mich.1995)(holding that strong arm powers of 11 U.S.C. § 544, including §§ 547 & 548, are not available to individual creditors) *Nat'l Tax Credit Partners, L.P. v. Havlik*, 20 F.3d 705, 708-709 (7th Cir.1994) ("[T]he right to recoup a fraudulent transfer, which outside of bankruptcy may be invoked by a creditor, is property of the estate that only a trustee or debtor in possession may pursue once a bankruptcy is under way."); *In re Swallen's, Inc.*, 205 B.R. 879, (Bankr. S.D. Ohio 1997 (funds in the hands of putative fraudulent transferees are property of the estate). *In re Pilavis*, 233 B.R. 1 at 3-4 (Bankr. D. Mass.1999) (same); *In re J.F.D. Enterprises, Inc.*, 223 B.R. 610, 621 (Bankr. D. Mass.1998) (a cause of action seeking damages for harm to a corporation based on the prepetition conduct of its directors or managers becomes "property of the estate" upon the initiation of bankruptcy, and may be pursued only by a representative of the estate, whether the trustee or a debtor-in-possession); *Feinman v. Lombardo*, 214 B.R. 260, 265 (Bankr. D. Mass.1997) (a bankruptcy trustee has exclusive standing to assert state law claims that could have been asserted by the debtor prior to the commencement of bankruptcy).

From a pure policy standpoint, this rule makes sense. Indeed, as observed by one court in agreeing with a trustee's argument that avoidance claims are property of the estate exclusively within the province of the trustee to litigate or settle:

> *"[I]t would be a strange and illogical interpretation of the law that recognized on the one hand the exclusive right of the Trustee to prosecute a fraudulent transfer claim, while on the other denying him the power to settle or compromise that very same claim."*

*In re Ontos, Inc.*, 2006 WL 276105 (D. Mass. 2006) (emphasis added).

Case 04-40306-AJC    Doc 175    Filed 02/21/07    Page 7 of 10

The Fifth Circuit in *In re MortgageAmerica Corp.*, 714 F.2d 1266 (5th Cir. 1983) further explained the rationale for this logical approach as follows:

> The legislative history of section 541(a)(1) reinforces th[e] conclusion [that avoidance actions are property of the estate]. The House report accompanying the bill stated that *section 541(a)(1) was intended to "include[ ] all kinds of property, including tangible or intangible property, causes of action ···, and all other forms of property currently specified in section 70a of the Bankruptcy Act ····"* H.R.Rep. No. 595, supra, at 367, 1978 U.S.Code Cong. & Ad.News at 6323. Section 70(a), in turn, included a reference to *"property transferred by [the debtor] in fraud of his creditors,"* Bankruptcy Act of 1898, ch. 541, § 70(a)(4), 30 Stat. 544, 566 (repealed 1979) (reenacting without material change Bankruptcy Act of 1867, ch. 176, § 14, 14 Stat. 517, 523), which was apparently meant to include a reference to state, as well as federal law. See 4A Collier on Bankruptcy ¶ 70.14[1] (14th ed. 1978). *In any event, the Supreme Court held in 1878 that an action based on such a fraudulent transfer "vested in the [trustee]," and therefore could not be brought by a creditor acting alone and without the court's express permission.* Glenny v. Langdon, 98 U.S. 20, 22, 27-31, 25 L.Ed. 43 (1878). We do not think that the 1978 Congress meant to change this result when it eliminated the old section 70(a)(4) in favor of the new sections 541(a)(1) (property of the estate), 544 (incorporation of state fraudulent conveyance law), and 548 (federal fraudulent conveyance law).
>
> *This result also does the most to further the fundamental bankruptcy policy of equitable distribution among creditors.* See 11 U.S.C. § 726. The "strong arm" provision of the current Code, 11 U.S.C. § 544, allows the bankruptcy trustee to step into the shoes of a creditor for the purpose of asserting causes of action under state fraudulent conveyance acts for the benefit of all creditors, not just those who win a race to judgment. See 4B Collier on Bankruptcy ¶ 70.71, at 788-89 (14th ed. 1978). A trustee acting under section 544 "acts as a representative of creditors," Hassett v. McColley ( In re O.P.M. Leasing Services, Inc.), 28 B.R. 740, 760 (Bkrtcy.S.D.N.Y.1983), and any property recovered is returned to "the estate for the eventual benefit of all creditors." Johnson v. First National Bank (In re Johnson), 28 B.R. 292, 297 (Bkrtcy.N.D.Ill.1983) (emphasis added); accord, Segarra v. Banco Central y Economias (In re Segarra), 14 B.R. 870, 878 (Bkrtcy.D.P.R.1981) ("These 'strong arm' provisions help a trustee to avoid certain obligations of a debtor for the benefit of all creditors."). The Supreme Court has, in fact, expressly noted that section "541(a)(1) is intended to include in the estate any property made available to the estate by other provisions of the Bankruptcy Code," which would include property made available through section 544. Whiting Pools, supra, 103 S.Ct. at 2313. *Actions for the recovery of the debtor's property by individual creditors under state fraudulent conveyance*

7

> *laws would interfere with this estate and with the equitable distribution scheme dependent upon it, and are therefore appropriately stayed under section 362(a)(3). Any other result would produce near anarchy where the only discernible organizing principle would be first-come-first-served. Even without the Bankruptcy Code and the policies that support it, we would be reluctant to elevate such a principle to a rule of law.*

*In re MortgageAmerica Corp.*, 714 F.2d 1266, 1275-1276 (5th Cir. 1983) (emphasis added).

Other courts agree that conferring "blank check" standing on creditors to prosecute avoidance claims creates significant policy concerns because the individual creditor would be acting in its own interest, and not in the interest of all creditors in the Chapter 7 case. *See, e.g., Conley*, 159 B.R. 325 (Bankr. D. Mont.1993) ("These avoidance powers are for the benefit of the estate…."); *see also, United Jersey Bank v. Morgan Guaranty Trust Co. (In re Prime Motor Inns, Inc.)*, 135 B.R. 917, 920 (Bankr. S.D. Fla.1992) ("To grant individual creditors … the right to prosecute avoidance actions … would unfairly enable individual creditors to pursue their own parochial or insular interests, to the detriment of all other creditors."). An additional policy concern is the orderly administration of the bankruptcy estate. *In re Harrold*, 296 B.R. 868, 873 (Bankr. M.D. Fla. 2003). Chapter 7 Trustees are appointed to objectively evaluate the entire estate and to bring only those actions which are viable, cost effective and will benefit the estate. *Id.* Allowing individual creditors to usurp the avoiding powers of the Chapter 7 Trustee introduces many other elements to the equation, potentially exposing the court to multiple lawsuits by individual creditors, which is exactly what Day is attempting to do in the instant case. *Id. citing Surf N Sun Apts., Inc. v. Dempsey.*, 253 B.R. 490, 494 (M.D. Fla.1999).

While some federal courts have crafted a limited exception allowing bankruptcy courts to grant "derivative standing" to creditors to institute avoidance actions on behalf of the estate upon

"showings of particularly extraordinary circumstances" (*In re V. Savino Oil & Heating Co.*, 91 B.R. 655, 657 (Bankr.E.D.N.Y.1988)), Day sought no such relief from the Court in this bankruptcy case.

Finally, the Court is compelled to dispense with Day's argument that because the applicable statute of limitations to prosecute fraudulent transfer claims against the Danjo Defendants has purportedly expired, the Trustee has no standing to prosecute the Danjo Claim. Day's position is wholly misplaced. First, statutes of limitations are not jurisdictional, but are merely affirmative defenses which, if not raised, can be waived. *In re Pugh*, 158 F.3d 530, 537 (11th Cir.1998) (holding that statutes of limitation, such as those imposed under Section 546(a) of the Bankruptcy Code, can be waived). In the instant case the Danjo Defendants have executed tolling agreements extending any applicable statues of limitations. Thus, there is no jurisdictional bar preventing the Trustee from asserting the claim. Second, because the Danjo Claim is property of the estate, the Trustee is free to file such claim himself or to seek to move to intervene in the New York state court action. *See e.g.*, Fed. R. Civ. P. 24(a) (permitting intervention of right). Finally, because Day appears to have timely filed the Danjo Claim and the Trustee could move to intervene as a party plaintiff in New York state court or file his own claim in this District, the statute of limitations was preserved by Day for the benefit of the estate and its creditors when he filed his action in 2001.

Accordingly, for the reasons set forth above, it is

ORDERED that at all times from and after the Petition Date the Danjo Claim was property of the bankruptcy estate under Section 541 of the Bankruptcy Code, thereby conferring upon the Trustee exclusive standing to prosecute or settle such claim, and imposing an automatic

stay against Day from further prosecuting the Danjo Claim in New York state court..

# # #

Submitted by:
David C. Cimo, Esq.
Genovese Joblove & Battista, P.A.
Bank of America Tower
100 S.E. Second Street, 44th Floor
Miami, Florida 33131
Tel.: (305) 349-2300

Copy to:
David C. Cimo, Esq, who shall
serve a copy on all interested parties